LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (SBN 88666)
Email: glafayette@lkclaw.com
BRIAN H. CHUN (SBN 215417)
Email: bchun@lkclaw.com
JOHN T. MADDEN (SBN 260213)
Email: jmadden@lkclaw.com
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN EDWARD AMBRIZ, | Case No. _____ |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) AND 28 U.S.C. § 1441(a) (FEDERAL QUESTION)** |
| vs. | |
| HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 to 100, inclusive, | |
| Defendants. | Complaint Filed:  July 14, 2023 |

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant HOME DEPOT U.S.A., INC. ("Defendant") hereby removes to this Court the state court action described below.

1.      On July 14, 2023, an action was commenced in the Superior Court of the State of California, in and for the County of Butte, entitled, <u>Jonathan Edward Ambriz v. Home Depot U.S.A., Inc., et al.</u>, Case No. 23CV01894 (the "Action").  (A true and correct copy of the Complaint is attached hereto as **<u>Exhibit A</u>**.)

2.      Defendant was served with a copy of the Summons and Complaint on July 28, 2023.  (A true and correct copy of the Summons is attached hereto as **<u>Exhibit B</u>**.)

3.      On August 28, 2023, Defendant filed an Answer to the Complaint.  (A true and correct copy of the Answer is attached hereto as **<u>Exhibit C</u>**.)

4.      This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs

5.      Plaintiff Jonathan Edward Ambriz ("Plaintiff") was at the time of the filing of the Action, and still is, a citizen of the state of California.

6.      Defendant, a corporation, was at the time of the filing of this action, and still is, a citizen of a different state having been incorporated under the laws of the State of Delaware and having its principal place of business in the State of Georgia.  (Declaration of Tara Martin in Support of Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity), ¶ 3.)

7.      While Defendant denies any liability as to Plaintiff's claims, the amount in controversy is determined based on Plaintiff's allegations in the Complaint, which the Court must assume to be true. *See Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008).  Plaintiff seeks damages in excess of $75,000.00, the jurisdictional requirement of this Court, in that he seeks recovery for unpaid wages, damages for failure to provide suitable seating, damages and/or penalties pursuant to statute as set forth in Labor Code §201.3, consequential

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

damages, prejudgment interest, statutory penalties pursuant to Cal. Lab. Code §§ 558, 1198.5, 201.3, civil penalties pursuant to Wage Order 4-2001(14), compensatory damages, punitive damages, attorney's fees and injunctive relief.  (*See Fritsch v. Swift Transp. Co. of Ariz., LLC* (9th Cir. 2018) 899 F.3d 785, 795 (holding that current and future attorney's fees should be included in amount in controversy calculation); *Gibson v. Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927, 945 ("It is well established that punitive damages are part of the amount in controversy in a civil action.").)

8.    This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it involves a claim arising under federal law, i.e., Plaintiff's Sixth Cause of Action for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

9.    In addition, Plaintiff's state claims are transactionally related to his federal claims. Plaintiff asserts the very same allegations in support of both his federal and state claims.  All of Plaintiff's claims relate to a common nucleus of operative facts.  The Court, therefore has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a).

DATED:  August 28, 2023                  LAFAYETTE & KUMAGAI LLP


By: */s/ Brian H. Chun*
   BRIAN H. CHUN
   Attorneys for Defendant
   HOME DEPOT U.S.A., INC.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)
AND 28 U.S.C. § 1441(a) (FEDERAL QUESTION)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

# EXHIBIT A

1  Kevin A. Lipeles (Bar No. 244275)
   Thomas H. Schelly (Bar No. 217285)
2  Andrew T. Magaline (Bar No. 290413)
   LIPELES LAW GROUP, APC
3  880 Apollo Street, Suite 336
   El Segundo, California 90245
4  Telephone: (310) 322-2211
   Fax: (310) 322-2252
5
6  Attorneys for Plaintiff,
   JONATHAN EDWARD AMBRIZ

7

**Superior Court of California**
**County of Butte**
**7/14/2023**

Shaul Elmallah, Clerk
By _____ Deputy
Electronically FILED

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                        **COUNTY OF BUTTE**

9

10  JONATHAN EDWARD AMBRIZ, an
    individual,

11                                          **CASE NO.: 23CV01894**

                Plaintiff,                  **COMPLAINT FOR:**
12
    vs.                                     1. **FAILURE TO PAY WAGES DUE UPON**
13                                             **TERMINATION (Cal. Labor Code §§201-**
                                               **203);**
14  HOME DEPOT U.S.A., INC., a            2. **FAILURE TO PROVIDE SUITABLE**
    Delaware corporation; and DOES 1         **SEATING (Wage Order No. 4);**
15  through 100, inclusive,               3. **REFUSAL TO PROVIDE**
                                               **INFORMATION IN VIOLATION OF**
16                Defendants.                   **LABOR CODE §§226(f) and 1198.5;**
                                            4. **INJUNCTION TO COMPEL**
17                                             **PRODUCTION OF EMPLOYMENT**
                                               **RECORDS;**
18                                          5. **VIOLATION OF CAL. LAB. CODE**
                                               **§1024.5; CAL. CIV. CODE §1786 IN**
19                                             **CONDUCTING EMPLOYMENT-**
                                               **RELATED BACKGROUND CHECK;**
20                                          6. **VIOLATION OF THE FAIR CREDIT**
                                               **REPORTING ACT (15 U.S.C.**
21                                             **§1681b(b)(3)(A));**
                                            7. **VIOLATION OF CAL. LAB. CODE**
22                                             **§432.7; and**
                                            8. **UNFAIR COMPETITION (Cal. Bus. & Prof.**
23                                             **Code §§17200 *et seq.*)**
24
                                            **DEMAND FOR A JURY TRIAL**
25

26

27

28      JONATHAN EDWARD AMBRIZ ("Plaintiff") alleges the following:

_____
                **COMPLAINT AND DEMAND FOR JURY TRIAL**

**PARTIES**

1.  Plaintiff was, at all times relevant to the matters alleged herein, over age 18 and a resident of Chico, California.

2.  Plaintiff is informed and believes, and based on that information and belief, alleges, Defendant Home Depot, U.S.A., Inc. ("Defendant" or "Home Depot") is, and at all times mentioned herein was, a Delaware corporation, organized pursuant to the laws of the State of Delaware, with a principal place of business at 2455 Paces Ferry Road, Atlanta, GA 30339.  Defendant has been authorized to do business and has been doing business in the County of Butte.

3.  Starting on or about April 18, 2022 and continuing through May 6, 2022, Defendant employed Plaintiff as a Lot Associate at Home Depot in Oroville, California. Plaintiff obtained the shopping carts and assisted customers with loading their vehicles.

4.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 100, inclusive, and therefore Plaintiff sues these defendants by such fictitious names and capacities. Plaintiff will amend his Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that at all times relevant, each of these fictitiously named DOE Defendants was an individual person who owned, controlled, or managed the business for which Plaintiff worked and/or who directly or indirectly exercised operational control over the wages and employment decisions of Plaintiff. These DOE Defendants held ownership, officer, director and/or executive positions with the remaining Defendants, and acted on behalf of the remaining Defendants, which included decision-making responsibility for, and establishment of, illegal employment hiring/retention practices and policies which have damaged Plaintiff. Therefore, DOES 1 through 100, in addition to the remaining Defendants, are "employers" as a matter of law and personally liable on the causes of action alleged herein pursuant to Labor Code §558.

5.  Plaintiff is informed and believes and thereon alleges that at least some of the Defendant DOES 1 through 100 are, and at all times relevant hereto were, persons, corporations or other business entities organized and existing under and by virtue of the laws of

the State of California, and are/were qualified to transact and conduct business in the State of California, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of the State of California. Specifically, said DOES 1 through 100 maintain offices, operate businesses, employ persons, and conduct business in, and illegally pay employees by illegal payroll and hiring/retention practices and policies in the County of Butte.

6.    Plaintiff is informed and believes and thereon alleges, that at all times relevant herein, the named defendants and at least some of DOES 1 through 100 were the agents, employees, and/or servants, masters, or employers of the remaining DOES 1 through 100, and in doing the things herein alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other defendants.

7.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, directly employed or exercised control over his wages and hiring/retention policies and practices.

8.    Plaintiff is further informed and believes, and thereon alleges, that each of the fictitiously named Defendants aided and assisted the named Defendants in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each defendant.

9.    At all times relevant herein, each of the named defendants was the agent of the other named defendants and in doing the things alleged herein, was acting within the course and scope of said agency.

**JURISIDICTION AND VENUE**

10.    This Court has jurisdiction over this Complaint under Code of Civil Procedure §410.10. This action is also brought under Business & Professions Code §§ 17200 *et seq.*

11.    Venue is proper in this Court pursuant to Code of Civil Procedure §§ 395 and 395.5, because the claims made, and the Labor Code and Civil Code violations as against the persons identified herein, occurred in the County of Butte and because Defendant owned and operated its businesses in the County of Butte.

**Employment Information**

12.    Plaintiff was an employee of Home Depot since on or about April 18, 2022, and employed as a Lot Associate. While employed by Defendant, Plaintiff was paid $16.50 per hour. Plaintiff was employed by Home Depot until May 6, 2022, when he was wrongfully terminated.

13.    On June 21, 2023, Plaintiff filed a California Fair Employment and Housing Act ("FEHA") claim. That same day, he/she obtained a Right to Sue letter regarding this matter from the Department of Fair Employment and Housing ("DFEH").

**Wage and Hour Violations**

14.    The employment by Defendant is governed by Industrial Welfare Commission Wage Order 4, which covers those persons employed in Professional, Technical, Clerical, Mechanical, and Similar Occupations.

15.    Defendant failed to provide Plaintiff with suitable seating while he worked as a Lot Associate. Plaintiff was not provided with a chair, seat or stool to perform his Lot Associate position.

16.    When Plaintiff left Defendant's employ, he was not timely paid all wages due him, as required by Labor Code §§ 201, 202 and Wage Order No. 4.

17.    Defendant failed to provide Plaintiff with his requested employment records.

**Unlawful Background Check**

18.    As part of the hiring process, Defendant unlawfully conducted a background check of Plaintiff in violation of California law. Specifically, Defendant unlawfully performed a background check in violation of Lab. Code section 1024.5 which restricts the category of employees on who employers can obtain a credit report.

19.    Defendant further failed to disclose to Plaintiff which provision of Labor Code section 1024.5(a) the report is being used for.

20.    Defendant violated the Investigative Consumer Reporting Agencies Act, Civil Code section 1786 et seq., among other things, by not providing the appropriate statutory notice to Plaintiff prior to performing a background check.

COMPLAINT AND DEMAND FOR JURY TRIAL

21. Defendant violated the Fair Credit Reporting Act, 15 U.S.C. 1681b(b)(1), by not providing Plaintiff with a copy of the consumer report and a written description of Plaintiff's rights. Thus, Plaintiff was not afforded an opportunity to discuss and dispute the report.

22. Defendant violated Cal. Labor Code section 432.7 by taking adverse action against Plaintiff on the basis of records of an arrest that did not result in a conviction.

### FIRST CAUSE OF ACTION

### FOR FAILURE TO PAY WAGES UPON TERMINATION AND/OR RESIGNATION

### (Labor Code §§201-203 By Plaintiff Against Defendant and Does 1 through 100)

23. Plaintiff realleges and incorporate by reference all of the allegations set forth in this Complaint.

24. Labor Code § 201(a) provides that a discharged employee's unpaid wages are due and payable immediately. Labor Code § 202(a) provides that when an employee resigns from employment, unpaid wages are due and payable within 72 hours of resignation.

25. Labor Code § 203(a) provides that if an employer willfully fails to pay wages as mandated by Labor Code §§ 201 and 202, the employee's wages shall continue to accrue until paid, not to exceed thirty days.

26. Plaintiff was discharged from Defendant's employ and Defendant willfully failed to pay Plaintiff wages due to him.

27. Plaintiff was not paid on the same date he was terminated, May 6, 2022. Plaintiff was paid 5 days after he was terminated on a regularly scheduled pay period.

28. Under Labor Code § 203(a), Plaintiff is entitled to one day's wages for each day he was not timely paid, not to exceed 30 days' wages.

### SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE SUITABLE SEATING

### (Cal. Lab. Code §1198 and IWC Wage Order No. 4, By Plaintiff against Defendant and Does 1 through 100)

29. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

30.    California Labor Code section 1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

31.    IWC Wage Order No. 4-2001 section 14 requires Defendant to provide Plaintiff with an adequate number of suitable seats placed in reasonable proximity to the work area and permit Plaintiff to use such seats when Plaintiff is not engaged in active duties and when it does not interfere with the performance of his duties.

32.    At all relevant times, Defendant has failed to provide such suitable seating to Plaintiff, including when Plaintiff was not engaged in the active duties of his employment.

33.    Plaintiff is entitled to recover all remedies available for violations of California Labor Code section 1198 and IWC Wage Order No. 4-2001, section 14.

## THIRD CAUSE OF ACTION

## REFUSAL TO PROVIDE INFORMATION IN VIOLATION OF LABOR CODE §§226(f) AND 1198.5

**(Cal. Labor Code §§226(f), 1198.5, By Plaintiff Against Defendants and Does 1 through 100)**

34.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

35.    Plaintiff demanded in writing access to his employment records in accordance with California Labor Code §§ 226(f) and 1198.5. Those records have not been produced and Plaintiff has been denied access to his records.

36.    As a proximate result of Defendant's refusal and failure to provide employment records, Plaintiff has been required to retain legal assistance, and has incurred costs and expenses to exercise and enforce his statutory rights.

37.    Plaintiff requests a penalty be assessed against Defendant in the sum of $750.00 pursuant to Labor Code §226(f).

38.    Plaintiff also requests a penalty be assessed against Defendant in the sum of $750.00 pursuant to Labor Code § 1198.5(k).

//

COMPLAINT AND DEMAND FOR JURY TRIAL

1  //

2  //

3  ## FOURTH CAUSE OF ACTION

4  **(Injunction to Compel Production of Employment Records Against Defendant and Does 1**

5  **through 100)**

6         39.    Plaintiff repeats and realleges each of the allegations set forth in this Complaint.

7         40.    Plaintiff demanded in writing access to his employment records in accordance

8  with Labor Code § 1198.5. Those records have not been produced and Plaintiff has been denied

9  access to his records.

10        41.    As a proximate result of Defendant's refusal and failure to provide employment

11 records, Plaintiff has been required to retain legal assistance and has incurred costs and

12 expenses to exercise and enforce his statutory rights.

13        42.    Plaintiff requires injunctive relief, as authorized by Labor Code § 1198.5(l), to

14 compel production of Plaintiff's employment records to Plaintiff.

15        43.    Plaintiff has been required to retain legal assistance and has incurred costs and

16 expenses to exercise his statutory rights. Plaintiff requests an award of attorney's fees and court

17 cost.

18 ## FIFTH CAUSE OF ACTION

19 **VIOLATION OF CAL. LAB. CODE §1024.5 AND CAL. CIV. CODE §1786 IN**

20 **CONDUCTING EMPLOYMENT-RELATED BACKGROUND CHECK**

21 **(Cal. Lab. Code §1024.5; California Civil Code §1786, By Plaintiff Against Defendant and**

22 **Does 1 through 100)**

23        44.    Plaintiff realleges and incorporates by reference all of the allegations set forth in

24 this Complaint.

25        45.    California Labor Code§1024.5 states that a consumer credit report can only be

26 used for employment purposes as follows:

27

28

(a) An employer or prospective employer shall not use a consumer credit report for employment purposes unless the position of the person for whom the report is sought is any of the following:

(1)  A managerial position.

(2) A position in the state Department of Justice.

(3) That of a sworn peace officer or other law enforcement position.

(4) A position for which the information contained in the report is required by law to be disclosed or obtained.

(5) A position that involves regular access, for any purpose other than the routine solicitation and processing of credit card applications in a retail establishment, to all of the following types of information of any one person:

(A) Bank or credit card account information.

(B) Social security number.

(C) Date of birth.

(6) A position in which the person is, or would be, any of the following:

(A) A named signatory on the bank or credit card account of the employer.

(B) Authorized to transfer money on behalf of the employer.

(C) Authorized to enter into financial contracts on behalf of the employer.

(7) A position that involves access to confidential or proprietary information, including a formula, pattern, compilation, program, device, method, technique, process or trade secret that (i) derives independent economic value, actual or potential from not being generally known to and not being readily ascertainable by proper means by, other persons who may obtain economic value from the disclosure or use of the information, and (ii) is the subject of an effort that is reasonable under the circumstances to maintain secrecy of the information.

(8) A position that involves regular access to cash totaling ten thousand dollars ($10,000) or more of the employer, a customer, or client, during the workday.

46.     Defendant violated Labor Code section 1024.5 by unlawfully obtaining a credit check and background check on Plaintiff for employment purposes. As per Labor Code section 1024.5, Plaintiff is not within the categories of employees for whom an employer or prospective employer may use a credit report for employment purposes.

47.     Section 1785.3(c) of the Consumer Credit Reporting Agencies Act ("CCRAA") defines "consumer credit report" as:

> Any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for:... (2) employment purposes...

48.     Thus, the at-issue consumer report procured by Defendant on Plaintiff qualifies as a consumer credit report under the CCRAA.

49.     As described above, Plaintiff alleges that in evaluating his employment, Defendant procured a credit report/background check on him as defined by section 1785.3(c).

50.     The disclosure provided by Defendant does not identify the specific basis under subdivision (a) of section 1024.5 of the Labor Code for use of the credit report. Plaintiff alleges that, in fact, there is no permissible purpose under section 1024.5 of the Labor Code which allows Defendant to procure, or cause to be prepared, a consumer credit report on Plaintiff.

51.     The Investigative Consumer Reporting Act ("ICRAA") section 1786 (B) (ii) mandates that the permissible purpose of the report must be identified. This omission clearly violates section 1786 (B) (ii) of the ICRAA. Defendant did not state the permissible purpose of the report under Labor Code section 1024.5 and/or there was no permissible purpose.

52.     Defendant was either grossly negligent in violating, or willfully violated, the ICRAA by acting without a good faith, reasonable belief in the legality of their actions, and/or in deliberate or reckless disregard of their legal obligations and the rights of Plaintiff under the statute.

53.     As a result of Defendant's illegal procurement of a credit report/background check of the Plaintiff, Plaintiff has been injured including, but not limited to, having his privacy and statutory rights invaded in violation of the ICRAA.

54.     Plaintiff has been damaged by these violations and seeks the following relief pursuant to pursuant to Civil Code § 1786.50:

> a. Any actual damages sustained by the consumer as a result of the failure or, ten thousand dollars ($10,000), whichever sum is greater;
>
> b. the costs of the action together with reasonable attorney's fees as determined by the court; and
>
> c. In the case of a violation that was grossly negligent or willful, punitive damages.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

**(15 U.S.C §1681b(b)(3)(A), By Plaintiff Against Defendant and Does 1 through 100)**

55.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

56.     Defendant used a "consumer report" as defined by the Fair Credit Reporting Act ("FCRA") to take adverse employment action against Plaintiff.

57.     Defendant violated the FCRA by failing to provide Plaintiff, prior to taking adverse action, with a copy of the consumer report and a compliant description in writing of the rights of the consumer.

58.     The foregoing violations were willful. Defendant acted in deliberate disregard of its obligations and the rights of Plaintiff under 15 U.S.C. §1681b(b)(3)(A). The willfulness of Defendant's conduct is reflected by, *inter alia*, the following facts: Defendant could have complied with the statutory duty to provide pre-adverse action notice by providing Plaintiff with his consumer report and yet Defendant failed to adopt any measure which would provide Plaintiff with his report and apprise him of his rights.

59.     Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

60.     Further, Plaintiff is entitled to punitive damages pursuant to 15 U.S.C. §1681n.

61.     Plaintiff is further entitled to recover his attorneys' fees and costs pursuant to 15 U.S.C. §1681n(a)(3).

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CAL. LAB. CODE §432.7

**(By Plaintiff Against Defendant and Does 1 through 100)**

62.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

63.     Defendant violated the Labor Code by taking adverse action against Plaintiff on the basis of records of an arrest that did not result in a conviction in violation of Cal. Lab. Code §432.7(a).

64.     Pursuant to Cal. Lab. Code §432.7(c), Plaintiff is entitled to actual or statutory damages of not less than $200 for each and every violation plus reasonable attorneys' fees and costs.

65.     In addition, since Defendant intentionally violated Cal. Lab. Code §432.7(a), Plaintiff is entitled to treble damages or $500, whichever is greater in accordance with Lab. Code §432.7(c).

66.     Pursuant to Lab. Code §432.7(d), these remedies are in addition to, and not in derogation of any other rights and remedies under any other law.

## EIGHTH CAUSE OF ACTION

## UNFAIR COMPETITION

**(Business & Professions Code §§ 17200 *et seq*. By Plaintiff Against Defendant and Does 1 through 100)**

67.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

68.    Pursuant to applicable IWC Wage Orders, Defendant was the employer of Plaintiff and the Class. Defendant is also a "person" as that term is defined in Business & Professions Code §17021.

69.    The Business & Professions Code defines unfair competition as any unlawful, unfair, or fraudulent business practice.  At all times relevant herein, by and through the conduct described herein, Defendant has engaged in unfair and unlawful practices by failing to (1) pay Plaintiff wages due when leaving their employ, (2) provide suitable seating, (3) refusal to provide employment records, (4) comply with Lab. Code section 1024.5 and the ICRAA section 1786, (5) comply with Labor Code section 432.7, all in violation of Business & Professions Code §§ 17200 *et seq*.

70.    By and through the unfair and unlawful business practices described herein, Defendant has obtained valuable property, money and services from the Plaintiff and has deprived him of valuable rights and benefits guaranteed by law all to the detriment of Plaintiff.

71.    All the acts described herein are violations of, among other things, the Labor Code and applicable Industrial Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Business & Professions Code §§ 17200 *et seq*.

72.    Plaintiff is entitled to, and does, seek such relief as may be necessary to restore to them the money and property which Defendant has acquired, or of which Plaintiff has been deprived by means of the above-described unfair and unlawful business practices.

73.    Plaintiff is further entitled to, and does, seek a declaration that the above-described business practices are unfair and unlawful and that injunctive relief should be issued restraining Defendant from engaging in any of the above described unfair and unlawful business practices in the future.

74.    Plaintiff has no plain, speedy, and/or adequate remedy at law to redress the injuries which he has suffered as a consequence of the unfair and unlawful business practices of Defendant.  As a result of the unfair and unlawful business practices described above, Plaintiff

has suffered and will continue to suffer irreparable harm unless Defendant is restrained from continuing to engage in these unfair and unlawful business practices. In addition, Defendant should be required to disgorge the unpaid moneys to Plaintiff.

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in his favor and against Defendant as follows:

1. For payment of unpaid wages in accordance with California labor and employment law;

2. For damages for failure to provide suitable seating;

3. For damages and/or penalties pursuant to statute as set forth in Labor Code §201.3;

4. For an award of consequential damages in Plaintiff's favor and against Defendant, in an amount to be proven at trial;

5. For payment to Plaintiff and Class Members of waiting time penalties pursuant to Cal. Lab. Code §203, in an amount equal to his respective daily rates of pay at the time of termination or layoff, multiplied by the total amount of days elapsed between the date of the involuntary termination, and/or 72 hours after notice of the voluntary termination, up to a maximum of 30 days' pay, according to proof;

6. For specific relief enforcing waiting time penalties of 30 days of per diem wages pursuant to Cal. Bus. & Prof. Code §17200 and Cal. Lab. Code §203, according to proof;

7. For prejudgment interest accrued on all wages from the date that wages were due and payable, pursuant to Cal. Lab. Code §§218.6, according to proof;

8. For statutory penalties pursuant to Cal. Lab. Code §§ 558, 1198.5, 201.3 according to proof;

9. For civil penalties pursuant to Wage Order 4-2001(14);

10. For compensatory, statutory and punitive damages allowed pursuant to Civil Code §1786.50;

11. For statutory and punitive damages allowed pursuant to 15 U.S.C. §1681n;

12.  For actual or statutory damages and treble damages pursuant to Cal. Lab. Code §432.7 (c);

13.  For reasonable costs, including attorneys' fees, in an amount according to proof pursuant to, *inter alia*, Cal. Labor Code §§1198.5(1), 218.5, 201.3, 432.7 (c) and/or Cal. Code of Civ. Proc. §§1021.5, 1786.50 and 1681n(a)(3);

14.  For an award of restitution of wages to Plaintiff in an amount equal to the amount of wages owed and unpaid, according to proof;

15.  For injunctive relief requiring Defendant to comply with Labor Code 1198.5(b)(1);

16.  For injunctive relief ordering the continuing unfair business acts and practices to cease, as the Court deems just and proper;

17.  For other injunctive relief ordering Defendant to notify Plaintiff that he has not been paid the proper amounts in accordance with California law;

18.  For punitive and exemplary damages in a sum to be determined at trial; and

19.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Jonathan Edward Ambriz hereby respectfully requests a trial by jury for all claims and issues raised in his Complaint that may be entitled to a jury trial.

LIPELES LAW GROUP, APC

Date: July 14, 2023

By: _____
Andrew T. Magaline
Attorneys for Plaintiff
Jonathan Edward Ambriz

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JONATHAN EDWARD AMBRIZ, an individual

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

F I L E D

Superior Court of California
County of Butte

7/14/2023

Sharif Elmallah, Clerk
By _____ Deputy
*Electronically FILED*

F I L E D

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* North Butte County Superior Court<br><br>1775 Concord Ave, Chico, California 95928 | CASE NUMBER: *(Número del Caso):* 23CV01894 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew T. Magaline, Lipeles Law Group, APC, 880 Apollo St., Ste. 336, El Segundo, CA 90245 310-322-2211

DATE: 7/14/2023    Sharif Elmallah    Clerk, by _____, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Home Depot U.S.A., Inc., a Delaware corporation

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)

☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

# EXHIBIT C

Superior Court of California
County of Butte

F I L E D

8/28/2023

By _____

Shani Elmallah, Clerk

Deputy

Electronically FILED

1   LAFAYETTE & KUMAGAI LLP
    GARY T. LAFAYETTE (SBN 88666)
2   Email: glafayette@lkclaw.com
    BRIAN H. CHUN (SBN 215417)
3   Email: bchun@lkclaw.com
    JOHN T. MADDEN (SBN 260213)
4   Email: jmadden@lkclaw.com
    1300 Clay Street, Suite 810
5   Oakland, California 94612
    Telephone: (415) 357-4600
6   Facsimile: (415) 357-4605

7   Attorneys for Defendant
    HOME DEPOT U.S.A., INC.

8

9                   SUPERIOR COURT OF CALIFORNIA

10                        COUNTY OF BUTTE

11

| | |
|---|---|
| 12  JONATHAN EDWARD AMBRIZ, | Case No. 23CV01894 |
| 13          Plaintiff, | **DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| 14  vs. | |
| 15  HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 to 100, inclusive, | |
| 16 | |
| 17          Defendants. | Complaint Filed:  July 14, 2023 |

18

19

20

21

22

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

Defendant Home Depot U.S.A., Inc. ("Defendant") answers the Complaint ("Complaint") filed by Plaintiff Jonathan Edward Ambriz ("Plaintiff") as follows:

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally denies each and every, all and singular, of the allegations in the Complaint, and generally denies Plaintiff has been injured in any of the sums mentioned in said Complaint, or any sum at all, as the result of any action, omission to act, or delay in acting of this answering Defendant.

## FIRST AFFIRMATIVE DEFENSE

1.      As a first, separate affirmative defense, Defendant asserts that Plaintiff fails to allege facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.      As a second, separate affirmative defense, Defendant asserts that Plaintiff failed to exhaust appropriate administrative remedies with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

## THIRD AFFIRMATIVE DEFENSE

3.      As a third, separate affirmative defense, Defendant asserts that this action cannot be maintained because statutory prerequisites have not been fulfilled.

## FOURTH AFFIRMATIVE DEFENSE

4.      As a fourth, separate affirmative defense, Defendant asserts that Plaintiff's Complaint is barred by statutes of limitation including, but not limited to, Cal. Civ. Proc. Code §§ 335.1, 337, 338, 340 and Cal. Bus. & Prof. Code § 17208.

## FIFTH AFFIRMATIVE DEFENSE

5.      As a fifth, separate affirmative defense, Defendant asserts that the alleged damages sustained by Plaintiff was caused by persons, firms, corporations, entities, or organizations other than Defendant and, by reason thereof, Defendant is not liable to Plaintiff for any alleged injuries, losses or damages.

/ / /

/ / /

/ / /

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

1

**SIXTH AFFIRMATIVE DEFENSE**

6.    As a sixth, separate affirmative defense, Defendant asserts that it was unaware of the conduct of which Plaintiff complains and, had it been made aware of the conduct, it would have taken immediate corrective action to prevent said conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

7.    As a seventh, separate affirmative defense, Defendant asserts that Plaintiff consented to and/or acquiesced in the alleged acts or omissions, if any, barring Plaintiff from any relief as prayed for in his Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

8.    As an eighth, separate affirmative defense, Defendant asserts that Plaintiff failed to mitigate his damages, if any, and said failure to mitigate bars Plaintiff from recovery in this action.

**NINTH AFFIRMATIVE DEFENSE**

9.    As a ninth, separate affirmative defense, Defendant asserts that Plaintiff's Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

10.    As a tenth, separate affirmative defense, Defendant asserts that Plaintiff's Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of after-acquired evidence.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.    As an eleventh, separate affirmative defense, Defendant asserts that Plaintiff's Complaint, and/or each claim for relief contained therein, is barred by the doctrines of waiver, estoppel, and/or laches.

**TWELFTH AFFIRMATIVE DEFENSE**

12.    As a twelfth, separate affirmative defense, Defendant asserts that Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant and otherwise failed to avoid harm.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

3

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

### THIRTEENTH AFFIRMATIVE DEFENSE

13.   As a thirteenth, separate affirmative defense, Defendant asserts that any violation of law by Defendant was the result of good faith conduct by Defendant for legitimate business purposes and Defendant had reasonable grounds for believing such conduct was not a violation of any statute, order, regulation, or policy.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.   As a fourteenth, separate affirmative defense, Defendant asserts that Plaintiff's claims are barred because Plaintiff has been paid all wages due and owed.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.   As a fifteenth, separate affirmative defense, Defendant asserts that Defendant's conduct alleged in the Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief it was correct and no action may be taken against Defendant on account of such conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.   As a sixteenth, separate and affirmative defense, Defendant asserts that it did not ratify, and/or approve any wrongful conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.   As a seventeenth, separate affirmative defense, Defendant asserts that it has at all times endeavored in good faith to comply with the provisions of the California Labor Code, the wage orders of the Industrial Welfare Commission, as well as all other applicable state laws, and Defendant has reasonable grounds for believing that it was in compliance therewith.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.   As an eighteenth, separate affirmative defense, Defendant asserts that Plaintiff is not entitled to any penalty award under the California Labor Code since, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of California Labor Code §§ 200, et seq., but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code.

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
(Case No. 23CV01894)

1

### NINETEENTH AFFIRMATIVE DEFENSE

2     19.    As a nineteenth separate affirmative defense, Defendant asserts that the claims for

3 waiting time penalties should be denied because a good faith dispute exists as to whether any wages

4 are due.

5

### TWENTIETH AFFIRMATIVE DEFENSE

6     20.    As a twentieth, separate affirmative defense, Defendant asserts the imposition of

7 statutory penalties and/or punitive damages would violate Defendant's rights, including the right

8 to due process and equal protection, under the California and United States Constitutions and other

9 laws.

10

11     WHEREFORE, Defendant prays:

12     1.    The Plaintiff take nothing by the Complaint;

13     2.    That the Complaint be dismissed with prejudice;

14     3.    That Defendant recover its costs of suit herein, including its reasonable attorneys'

15 fees; and

16     4.    That the Court grant such other further relief as it may deem appropriate.

17

18 DATED:  August 28, 2023            LAFAYETTE & KUMAGAI LLP

19

20               By: _____

21                   BRIAN H. CHUN

                       Attorneys for Defendant

22                   HOME DEPOT U.S.A., INC.

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

5

## PROOF OF SERVICE

I declare:

I am employed in the City of Oakland, California. I am over the age of eighteen years and not a party to the within action. My business address is 1300 Clay Street, Suite 810, Oakland, California 94612.

On August 28, 2023, I served the document named below on the parties in this action as follows:

**DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

| X | (BY MAIL): I caused each and such envelope with postage thereon fully prepaid, to be placed in the United State mail at Oakland, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection |
|---|---|
|   | (BY PERSONAL SERVICE): I caused to be personally served each document listed above on the addressee(s) noted below. |
|   | (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below. |
|   | (BY OVERNIGHT MAIL): I caused to be delivered to an overnight courier service each document to the addressee(s) noted below. |
|   | (BY EMAIL): I caused to be sent via electronic mail at the email listed below, a copy of each document to the addressee(s) noted below. |

Kevin A. Lipeles (SBN 244275)
Thomas H. Schelly (SBN 217285)
Andrew T. Magaline (SBN 290413)
LIPELES LAW GROUP, APC
880 Apollo Street, Suite 336
El Segundo, California 90245
Telephone: (310) 322-2211
Facsimile: (310) 322-2252

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 28, 2023, at Oakland, California.

_____
KIRSTEN MIKKELSEN

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605

## PROOF OF SERVICE

I declare:

I am employed in the City of Oakland, California. I am over the age of eighteen years and not a party to the within action. My business address is 1300 Clay Street, Suite 810, Oakland, California 94612.

On August 28, 2023, I served the document named below on the parties in this action as follows:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) AND 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**

| | |
|---|---|
| X | (BY MAIL): I caused each and such envelope with postage thereon fully prepaid, to be placed in the United State mail at Oakland, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection |
| | (BY PERSONAL SERVICE): I caused to be personally served each document listed above on the addressee(s) noted below. |
| | (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below. |
| | (BY OVERNIGHT MAIL): I caused to be delivered to an overnight courier service each document to the addressee(s) noted below. |
| | (BY EMAIL): I caused to be sent via electronic mail at the email listed below, a copy of each document to the addressee(s) noted below. |

Kevin A. Lipeles (SBN 244275)
Thomas H. Schelly (SBN 217285)
Andrew T. Magaline (SBN 290413)
LIPELES LAW GROUP, APC
880 Apollo Street, Suite 336
El Segundo, California 90245
Telephone: (310) 322-2211
Facsimile: (310) 322-2252

***Attorneys for Plaintiff***

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 28, 2023, at Oakland, California.

_____
KIRSTEN MIKKELSEN

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)
AND 28 U.S.C. § 1441(a) (FEDERAL QUESTION)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CA 94612
(415) 357-4600
FAX (415) 357-4605